Rob Bonta, State Bar No. 202668
Attorney General of California
Preeti K. Bajwa, State Bar No. 232484
Supervising Deputy Attorney General
Robert W. Henkels, State Bar No. 255410
Deputy Attorney General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-3309
  E-mail:  Robert.Henkels@doj.ca.gov
*Attorneys for Defendants*
*K. Allison, M. Pallares, J. Espinoza, R.  Mitchell, R.*
*Branch, and I.. Singh.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **MICHELLE-LAEL B. NORSWORTHY,**<br><br>Plaintiff,<br><br>v.<br><br>**KATHLEEN ALLISON, JANEL ESPINOZA,**<br><br>**MICHAEL PALLARES, IKWINDER SINGH, ROBERT MITCHELL, and ROSELLE BRANCH,**<br><br>Defendants. | Case No. 1:20-cv-00813-JDP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants K. Allison, M. Pallares, J. Espinoza, R. Mitchell, R. Branch, and I. Singh,

answer Michelle-Lael B. Norsworthy's (Plaintiff) First Amended Complaint (Complaint), and

deny, admit, and allege, as follows:

1

**NATURE OF THIS ACTION**

1. Defendants admit that Plaintiff is a post-operative transgender woman and that she has filed this suit under 42 U.S.C. § 1983. Defendants deny the remaining allegations of Paragraph 1.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants admit that one of Plaintiff's doctors, Dr. Satterwhite, recommended an additional surgery and that she has been approved for further consultations regarding that surgery. Defendants deny that any of their actions or inactions affected whether such surgery is appropriate in any way. As to the remaining allegations in Paragraph 3, Defendants lack sufficient information to admit or deny the allegations, and on that basis deny them.

4. Defendants admit that the California Department of Corrections and Rehabilitation (CDCR) has approved further Plaintiff for further consultations regarding a surgery originally suggested by Dr. Satterwhite, and that such consultations are ongoing. As to the remaining allegations in Paragraph 4, Defendants lack sufficient information to admit or deny the allegations, and on that basis, deny them.. .

5. Defendants admit that CDCR has approved further Plaintiff for further consultations regarding a surgery originally suggested by Dr. Satterwhite, and that such consultations are ongoing. As to the remaining allegations in Paragraph 5, Defendants lack sufficient information to admit or deny the allegations, and on that basis, deny them..

6. Defendants admit that the CDCR has approved further Plaintiff for further consultations to treat gender dysphoria, and that such consultations are ongoing. Defendants deny Plaintiff's characterization of this process. As to the remaining allegations in Paragraph 6, Defendants lack sufficient information to admit or deny the allegations, and on that basis, deny them.

7. Defendants admit that Plaintiff was previously incarcerated beginning in April 15, 1987 until her release on August, 12, 2015, and that she filed suit against CDCR.. Defendants otherwise deny Plaintiff's characterization of the circumstances leading to that surgery, and deny the remaining allegations in Paragraph 7.

2

8.      Defendants admit that Plaintiff violated the terms of her parole and that she was incarcerated at Solano County jail prior to her re-incarceration with CDCR.  As to the remaining allegations in Paragraph 8, Defendants lack sufficient information to admit or deny the allegations, and on that basis, deny them.

9.      Defendants admit that Plaintiff underwent an additional surgery with Dr. Satterwhite after her re-incarceration.  Defendants deny the remaining allegations in Paragraph 9.

10.     Defendants admit that Plaintiff filed this complaint in the Northern District of California prior to transfer and otherwise denies the allegations of Paragraph 10.

Parties      11.     Defendants admit that Plaintiff is a post-operative transgender woman who was previously incarcerated beginning in April 15, 1987 until her release on August, 12, 2015. Defendants also admit that Plaintiff violated the terms of her parole and that she has been housed at Central California Women's Facility (CCWF) since March 25, 2019.  As to the remaining allegations in Paragraph 11, Defendants lack sufficient information to admit or deny the allegations, and on that basis, deny them.

12.     Defendants admit that Kathleen Allison is the Secretary for CDCR and that she was appointed by Governor Gavin Newsom on October 1, 2020.  Defendants otherwise deny the allegations of Paragraph 12.

**PARTIES**

13.     Defendants admit that Janel Espinoa is a former Warden of CCWF.  Defendants otherwise deny the remaining allegations of Paragraph 13.

14.     Defendants admit that Michael Pollares is the acting Warden of CCWF.  Defendants otherwise deny the remaining allegations of Paragraph 14.

15.     Defendants admit that Dr. Singh, M.D., is employed as the Chief Physician and Surgeon at CCWF.  Defendants otherwise deny the remaining allegations of Paragraph 15.

16.     Defendants admit that Dr. Mitchell, M.D., is employed as the Chief Medical Executive at CCWF.  Defendants otherwise deny the remaining allegations of Paragraph 16.

17.     Defendants admit that Dr. Branch, M.D., is employed as a primary care physician at CCWF.  Defendants otherwise deny the remaining allegations of Paragraph 17.

**JURISDICTION AT VENUE**

18.    Defendants admit that jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.

19.    Defendants admit that venue is appropriate in the United States District Court for the Eastern District of California.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S PRESENTATION OF THE**

**FACTUAL BACKGROUND**

20.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 20 and, on that basis, deny them..

21.    Defendants admit that Plaintiff was incarcerated with CDCR on or about April 15, 1987.  As to the remaining allegations in Paragraph 21, Defendants lack sufficient information to admit or deny the allegations, and on that basis, deny them.

22.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 22 and, on that basis, deny them..

23.    Defendants admit that Plaintiff has been diagnosed with gender dysphoria.  As to the remaining allegations in Paragraph 23, Defendants lack sufficient information to admit or deny the allegations, and on that basis, deny them.

24.    Defendants admit the factual characterization presented in Paragraph 24.

25.    Defendants admit that Dr. Reese recommended sex reassignment surgery prior to any of the factual allegations at issue in this complaint.  Defendants deny the remaining allegations.

26.    Defendants admit that a preliminary injunction filed in a prior action directed the defendants in that action to arrange for Plaintiff to undergo sex reassignment surgery.

27.    Defendants admit that the parties to Plaintiff's prior lawsuit entered into a settlement agreement, but deny that Plaintiff was given any monetary compensation as a result of that settlement agreement.

28.    Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 28 and, on that basis, deny them.

29.    Defendants admit Plaintiff underwent subsequent revision surgeries.

4

30.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 30 and, on that basis, deny them.

31.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 31 and, on that basis, deny them.

32.     Defendants admit that Plaintiff violated the terms of her parole and that she was incarcerated at Solano County jail prior to her re-incarceration with CDCR.  As to the remaining allegations in Paragraph 32, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny them.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 35, and on that basis, deny them.

36.     Defendants admit that a request for an additional revision surgery was submitted and that Plaintiff consulted with Dr. Glass.  Defendants deny the remaining allegations.

37.     Defendants admit that CDCR has approved Plaintiff for further consultations for surgeries to treat gender dysphoria.  Defendants deny Plaintiff's characterization of this process, and deny the remaining allegations.

38.     Defendants admit that Plaintiff submitted grievances through CCWF's administrative review process. Defendants deny Plaintiff's characterization of those grievances and the basis for them, and deny the allegations of Paragraph 38.

39.     Defendants deny Plaintiff's characterization of the current medical literature and, in light of the current state of discovery, currently lack sufficient lack sufficient information or belief to admit or deny the allegations of Paragraph 39 and, and, on that basis, deny them.

40.     Defendants admit that one of Plaintiff's doctors, Dr. Satterwhite, recommended that she dilate.  Defendants lack sufficient information or belief to respond to the factual or medical underpinnings of that recommendation at this time.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants deny that Defendants impeded Plaintiff's ability to dilate in any way and deny the allegations of Paragraph 42.

43.     Defendants admit that Defendant Dr. Singh met with Plaintiff and otherwise deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny that Plaintiff had no practical ability to dilate in the mornings and deny the allegations of Paragraph 45.

46.     Defendants deny that Plaintiff was not able to dilate at primary health clinic and deny the allegations of Paragraph 46.

47.     Defendants deny that Plaintiff has not been able to dilate while housed anywhere at CCWF and deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny that Plaintiff has been provided insufficient medications at CCWF and deny the allegations of Paragraph 49.

50.     Defendants deny that Plaintiff has been provided insufficient douches at CCWF and deny the allegations of Paragraph 50.

51.     Defendants admit Plaintiff underwent an additional surgery with Dr. Satterwhite after her re-incarceration. Defendants otherwise deny the allegations of Paragraph 51.

52.     Defendants deny Plaintiff was provided insufficient care after her surgery with Dr. Satterwhite and deny the allegations of Paragraph 52.

53.     Defendants deny that Plaintiff has been provided insufficient douches at CCWF and deny the allegations of Paragraph 53.

54.     Defendants deny that Plaintiff has been provided insufficient medications at CCWF and deny the allegations of Paragraph 54.

55.     Defendants admit that Dr. Satterwhite noted that Plaintiff's vagina depth was limited. Defendants deny that any of their actions or inactions contributed to any such condition, and deny the allegations of Paragraph 55.

1  56. Defendants deny Plaintiff's characterization of her visit with Dr. Branch and deny the
2  allegations of Paragraph 56.

3  57. Defendants deny Plaintiff's characterization of her visits with Dr. Branch and Dr.
4  Graves and deny the allegations of Paragraph 56.

5  58. Defendants admit that that they have been unable to locate a surgeon able and willing
6  to perform the surgery requested by Dr. Satterwhite due, in part, because of the risks associated
7  with such a surgery.  Defendants lack sufficient information or belief to admit or deny whether
8  the requested surgery is appropriate or safe but admit that Plaintiff has been approved for further
9  consultations for possible surgeries to treat her gender dysphoria.  Defendants deny Plaintiff's
10  characterization of that process, and deny the allegations of Paragraph 58.

11  59. Defendants admit that CDCR has approved Plaintiff for further consultations for
12  surgeries to treat gender dysphoria.  Defendants deny Plaintiff's characterization of this process,
13  and deny the allegations of Paragraph 59.

14  60. Defendants admit that CDCR has approved Plaintiff for further consultations for
15  surgeries to treat gender dysphoria, which included a request for Dr. Bowers to provide
16  assistance.  Defendants deny Plaintiff's characterization of this process, and deny the remaining
17  allegations of Paragraph 60.

18  61. Defendants admit that Dr. Bowers did not personally evaluate Plaintiff.  Defendants
19  otherwise lack sufficient information belief to respond to the accuracy of Dr. Bowers'
20  conclusions at this time, and deny the remaining allegations of Paragraph 61 on that basis.

21  62. Defendants admit that CDCR has approved Plaintiff for further consultations for
22  surgeries to treat gender dysphoria.  Defendants deny Plaintiff's characterization of this process,
23  and deny the allegations of Paragraph 62.

24  63. Defendants were not invited, aware of, or present at the conference that occurred in
25  July 2020, between Plaintiff's counsel and any medical providers.  Thus, aside from admitting
26  that Defendants based on information and belief believe an conference occurred with Plaintiff's
27  counsel and Dr. Satterwhite and Dr. Bowers, Defendants lack sufficient information to admit or
28  deny the remaining allegations in Paragraph 63 and, on that basis, deny them.

64.     Defendants admit that Plaintiff saw Dr. Graves again in November 19, 2020 but deny that Plaintiff has lost any vaginal depth and deny the remaining allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants lack sufficient information or belief to respond regarding Plaintiff's job assignments and to her personal fears, and deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72.

**COUNT ONE**

73.     Defendants incorporate by reference their responses to Paragraphs 1-72, inclusive.

74.     Defendants admit that Plaintiff underwent sex reassignment surgery and that she has had subsequent revision surgeries.  Defendants lack sufficient information or belief to admit or deny whether Plaintiff suffered complications from any of her surgeries and, on that basis, deny those allegations.

75.     Defendants admit Plaintiff has treated with CDCR medical providers and outside medical provider, but deny the remaining allegations.

76.     Defendants admit that Dr. Satterwhite prescribed medications to Plaintiff and that he recommended that she dilate.  Defendants deny the remaining allegations.

77.     Defendants deny that Plaintiff has been provided insufficient medications at CCWF and deny the allegations of Paragraph 77.

78.     Defendants deny that Plaintiff has been provided insufficient douches at CCWF and deny the allegations of Paragraph 78.

79.     Defendants deny that Plaintiff has been unable to adequately dilate and deny the allegations of Paragraph 79.

80.     Defendants deny the allegations of Paragraph 80.

8

1    81.    Defendants deny the allegations of Paragraph 81.

2    82.    Defendants deny the allegations of Paragraph 82.

3                           **PRAYER FOR RELIEF**

4    Defendants deny that Plaintiff is entitled to any relief.

5                         **AFFIRMATIVE DEFENSES**

6    AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

7    1.    Defendants assert that because the Complaint is couched in conclusory terms,

8    Defendants cannot anticipate fully all affirmative defenses that may be applicable to this matter.

9    Accordingly, Defendants reserve the right to assert additional affirmative defenses if and to the

10   extent they are or become applicable.

11   2.    Defendants assert that at all relevant times, they acted within the scope of discretion,

12   with due care and good faith in fulfillment of their responsibilities pursuant to all applicable

13   statutes, rules, regulations, and practices; within the bounds of reason under all circumstances

14   known, and with the good-faith belief that his actions comported with all applicable federal and

15   state law.  Defendants are therefore entitled to qualified immunity and assert immunity from

16   liability.

17   3.    Defendants assert that Plaintiff's Complaint and each alleged cause or action therein,

18   fails to state facts sufficient to constitute a cause of action as to these Defendants.

19   4.    Defendants assert that Plaintiff has not been deprived of any rights, privileges, or

20   immunities guaranteed by the laws of the United States or by the laws of the State of California.

21   5.    Defendants assert that they have performed all obligations to Plaintiff pursuant to any

22   and all statutes or other law described in Plaintiff's Complaint, and any deficiencies in

23   performance were caused by Plaintiff or other individuals or entities not named as defendants in

24   Plaintiff's Complaint.

25   6.    Defendants assert that Plaintiff has suffered no injury or harm.

26   7.    Defendants allege that Plaintiff is estopped from claiming the damages requested.

27   8.    Defendants allege that the claims made by Plaintiff are barred by the applicable statute

28   of limitations.

9.   Defendants are not vicariously liable for any act or omission of any other person, by way of respondent superior or otherwise.

10.   Defendants assert that Plaintiff has failed to mitigate his damages, if there are any.

11.   Defendants assert that the Eleventh Amendment bars suit for money damages against them in their official capacity.

12.   Defendants assert that Plaintiff's claims and requests for relief are barred, limited, or controlled by the Prison Litigation Reform Act.

13.   Defendants allege that Plaintiff has failed to exhaust available administrative remedies.

14.   Defendants allege that, at all relevant times, their actions were reasonably related to achieving legitimate penological goals.

15.   Defendants allege that they are not liable because their conduct was not a proximate cause of harm, if any, to Plaintiff.

16.   Defendants assert that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

17.   Defendants allege that Plaintiff has failed to comply with the requirements of the California Tort Claims Act and has failed to plead state-law based claims.

18.   Defendants allege that Plaintiff's own conduct contributed to his own damages, or that Plaintiff is contributorily negligent.

19.   Defendants assert that he did not act with malicious intent or with reckless disregard for Plaintiff's rights and therefore are not liable for punitive damages.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

1.   Defendants demand under Federal Rule of Civil Procedure Rule 38 that this matter be tried by and before a jury to the extent provided by law.

2.   Defendants pray for judgment as follows:

    A.   That judgment be rendered in favor of Defendants and against Plaintiff;

    B.   That Plaintiff takes nothing by this action;

10

C.     That Defendants be awarded costs of suit and attorney's fees; and

D.     That Defendants be awarded such other relief as this Court deems proper.

Dated:  June 8, 2021                                 Respectfully submitted,

                                                     ROB BONTA
                                                     Attorney General of California
                                                     PREETI K. BAJWA
                                                     Supervising Deputy Attorney General

                                                     */s/ Robert W. Henkels*

                                                     ROBERT W. HENKELS
                                                     Deputy Attorney General
                                                     *Attorneys for Defendants*
                                                     *Allison, Pallares, Espinoza, Mitchell,*
                                                     *Branch and Singh*

SF2020101441/35180535

11

Defendants' Answer to First Amended Complaint  (1:20-cv-00813-JDP)

# CERTIFICATE OF SERVICE

Case Name:   _**M. Norsworthy v. Ralph Diaz, et      al.**_     Case No.     **1:20-cv-00813-JDP**

I hereby certify that on <u>June 8, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 8, 2021</u>, at San Francisco, California.

|  |  |
|---|---|
| G. Pang | _/s/ G. Pang_ |
| Declarant | Signature |

SF2020101441/42727314.docx