UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE-LAEL B. NORSWORTHY,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-00813-DAD-HBK<br><br>ORDER REFERRING CASE TO ADR AND STAY OF CASE FOR 90 DAYS |

Plaintiff Michelle-Lael B. Norsworthy is a state prisoner proceeding with counsel in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 1). The suit, which alleges Defendants failed to provide adequate medical care and were deliberately indifferent to Plaintiff's medical needs, was originally brought in the United States District Court for the Northern District of California. (*Id.*).

On June 10, 2020, the court granted in part and denied in part Defendant's motion to dismiss, holding that the Northern District lacked jurisdiction over the matter. (Doc. No. 28). The case was subsequently transferred to its present location, the United States District Court for the Eastern District of California. (Doc. No. 29).

On May 10, 2021, the court granted Plaintiff's motion for an extension time to file her complaint. (Doc. No. 40). Plaintiff's amended complaint was filed on May 14, 2021, with Defendants' answer following on June 8, 2021. (Doc. Nos. 41, 44).

1

The court refers all civil rights cases filed by prisoners to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR.  No claims, defenses, or objections are waived by the parties' participation.

The court, therefore, STAYS this action for 90 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference.  The court presumes that all such cases assigned to the undersigned will proceed to a settlement conference.  However, if after investigating Plaintiff's claims and meeting and conferring either party finds that a settlement conference would be a waste of resources, that party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. This action is **STAYED for 90** days to allow the parties an opportunity to settle their dispute before the discovery process begins.  No pleadings or motions may be filed in this case during the stay.  The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

3. **Within 30 days** from the date of this order, either party may file notice indicating their belief that settlement is not achievable at this time.  If either party opts out of the settlement conference the court will issue an amended discovery and scheduling order.

4. If neither party opts out, the assigned Deputy Attorney General SHALL **within 45 days** of this Order contact the undersigned's Courtroom Deputy Clerk at kdunbar-kari@caed.uscourts.gov to schedule the settlement conference.  Before doing so, defense counsel should confirm with Plaintiff's counsel that Plaintiff will have access to Zoom on their proposed date for the settlement conference.

5. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

6. The Clerk of Court shall serve Deputy Attorneys General Preeti Kaur Bajwa and Robert Wayne Henkels and Supervising Deputy Attorney General Lawrence Bragg with a copy of Plaintiff's amended complaint (Doc No. 41) and this Order.

7. The parties are obligated to keep the court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

IT IS SO ORDERED.

Dated:   June 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE