ROB BONTA, State Bar No. 202668
Attorney General of California
PREETI K. BAJWA, State Bar No. 232484
Supervising Deputy Attorney General
ALICE M. SEGAL, State Bar No. 288108
Deputy Attorney General
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9640
 Fax: (619) 645-2581
 E-mail: Alice.Segal@doj.ca.gov
*Attorneys for Defendants*
M. Pallares, J. Espinoza, Dr. Mitchell, Dr. Branch,
Dr. Singh, L. Taylor, C. Dill,
R. Gibson, G. Garcia Torres, S. Shoals,
and J. Goethe.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **MICHELLE-LAEL B. NORSWORTHY,** | Case No. 1:20-cv-00813-JDP |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| **J. ESPINOZA, M. PALLARES, I. SINGH, R. MITCHELL, R. BRANCH, L. TAYLOR, C. DILL, R. GIBSON, G. GARCIA TORRES, S. SHOALS, AND J. GOETHE** | |
| Defendants. | |

Defendants M. Pallares,[1] J. Espinoza, Dr. Mitchell, Dr. Branch, Dr. Singh, L. Taylor, C. Dill, R. Gibson, G. Garcia Torres, S. Shoals, and J. Goethe answer Michelle-Lael B.

---

[1] The parties, through their attorneys of record, stipulated to dismiss Jeff Macomber in his entirety, M. Pallares in his official capacity, and Plaintiff's prayer for injunctive relief. As Plaintiff dismissed K. Allison to substitute in Jeff Macomber, the present Answer treats both parties as dismissed.

1

Norsworthy's (Plaintiff) Second Amended Complaint (Complaint), and deny, admit, and allege, as follows:

## NATURE OF THIS ACTION

1. Defendants admit that Plaintiff is a post-operative transgender woman and that she has filed this suit under 42 U.S.C. § 1983. Defendants deny the remaining allegations of Paragraph 1.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants admit that a district court directed the defendants in a prior action to coordinate gender-affirming surgery for her. None of those defendants are a party to this action, however. Defendants also acknowledge that Norsworthy coordinated her own gender-affirming surgery after her first release from prison. Defendants deny the remaining allegations of Paragraph 3.

4. Defendants deny the allegations of Paragraph 4.

## PARTIES

5. Defendants admit that Plaintiff was incarcerated with the California Department of Corrections and Rehabilitation (CDCR) between April 15, 1987 and August 12, 2015, and then again between March 25, 2019 and January 13, 2022. Defendants otherwise lack sufficient information or belief to admit or deny the remaining allegations of Paragraph 5 and deny them on that basis.

6. The parties have agreed to dismiss Jeff Macomber from this lawsuit, and Defendants thus deny the allegations of Paragraph 6 on that basis.

7. Defendants admit that Janel Espinoza is a former Warden of the Central California Women's Facility (CCWF). Defendants otherwise deny the remaining allegations of Paragraph 7.

8. Defendants admit that Michael Pallares is a former Warden of CCWF. Defendants otherwise deny the remaining allegations of Paragraph 8.

9. Defendants admit that Dr. Singh, M.D., at all times relevant to the litigation, was employed as the Chief Physician and Surgeon at CCWF. Defendants otherwise deny the remaining allegations of Paragraph 9.

10. Defendants admit that Dr. Mitchell, M.D., at all times relevant to the litigation, was employed as the Chief Medical Executive at CCWF. Defendants otherwise deny the remaining allegations of Paragraph 10.

11. Defendants admit that Dr. Branch, M.D., at all times relevant to the litigation, was primary care physician who provided care at CCWF. Defendants otherwise deny the remaining allegations of Paragraph 11.

12. Defendants admit that Dr. Taylor, M.D., at all times relevant to the litigation, was employed with California Correctional Health Care Services (CCHCS) as Associate Deputy Medical Director. Defendants otherwise deny the remaining allegations of Paragraph 12.

13. Defendants admit that Associate Warden Dill was formerly employed by CDCR at CCWF and that she has since retired. Defendants otherwise deny the remaining allegations of Paragraph 13.

14. Defendants admit that Sergeant Gibson Torres at all times relevant to the litigation was formerly employed by CDCR at CCWF and that he has since retired. Defendants otherwise deny the remaining allegations of Paragraph 14.

15. Defendants admit that Officer Garcia Torres at all times relevant to the litigation, was employed by CDCR at CCWF. Defendants otherwise deny the remaining allegations of Paragraph 15.

16. Defendants admit that Officer Goethe at all times relevant to the litigation, was employed by CDCR at CCWF. Defendants otherwise deny the remaining allegations of Paragraph 16.

**JURISDICTION AT VENUE**

18. Defendants admit that jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.

3

Defendants' Answer to Second Amended Complaint  (1:20-cv-00813-JDP)

19. Defendants admit that venue is appropriate in the United States District Court for the Eastern District of California.

## FACTUAL BACKGROUND

20. Defendants lack sufficient information to admit or deny the allegations of Paragraph 20 and deny them on that basis.

21. Defendants admit that Plaintiff was incarcerated with CDCR on or about April 15, 1987.  Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 21 and deny them on that basis.

22. Defendants lack sufficient information to admit or deny the allegations of Paragraph 22 and deny them on that basis.

23. Defendants admit that Plaintiff has been diagnosed with gender dysphoria.  As to the remaining allegations in Paragraph 23, Defendants lack sufficient information to admit or deny the allegations and deny them on that basis.

24. Defendants admit that gender-affirming treatment was likely appropriate before their involvement with Plaintiff, but otherwise lack sufficient information or belief to admit or deny the remaining allegations of Paragraph 24 and deny them on that basis.

25. Defendants admit that Dr. Reese recommended gender-affirming surgery before their involvement with Plaintiff.  Defendants deny the remaining allegations of Paragraph 25.

26. Defendants admit that a preliminary injunction ordered in a prior action directed the defendants in that action to arrange for Plaintiff to undergo gender-affirming surgery.  Defendants were not party to that action, however.

27. Defendants admit that the parties to Plaintiff's prior lawsuit entered appealed the preliminary injunction, that Plaintiff was released from custody, and that Plaintiff's release mooted claims for injunctive relief.  Defendants also admit that the defendants to that prior action entered into a settlement agreement, but deny that Plaintiff was given any monetary compensation as a result of that agreement.

28. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 28 and deny them on that basis.

29. Defendants admit Plaintiff underwent gender-affirming surgery with Dr. Satterwhite, and that there were complications, which led to multiple subsequent revision surgeries. Defendants otherwise lack sufficient information or belief to admit or deny the remaining allegations of Paragraph 29 and deny them on that basis.

30. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 30 and deny them on that basis.

31. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 31 and deny them on that basis.

32. Defendants admit that Plaintiff violated the terms of her parole and that she was incarcerated at Solano County jail prior to her re-incarceration with CDCR. Defendants otherwise lack sufficient information or belief to admit or deny the remaining allegations of Paragraph 32 and deny them on that basis.

33. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 33 and deny them on that basis.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants admit that that Plaintiff was housed initially in a two-person cell while at the reception center at CCWF, but deny that her accommodations prevented her from dilating her vagina and deny the remaining allegations of Paragraph 35.

36. Defendants admit that the employees at CCWF tried to accommodate Plaintiff's demands as best they could given institutional needs, priorities, and resources, but otherwise deny Plaintiff's characterization of their efforts and deny the allegations of Paragraph 36 on that basis.

37. Defendants admit that the employees at CCWF tried to accommodate Plaintiff's demands as best they could given institutional needs, priorities, and resources but otherwise deny Plaintiff's characterization of their efforts and deny the allegations of Paragraph 37 on that basis.

38. Defendants admit that CDCR approved Plaintiff for further consultations for surgeries to treat gender dysphoria. Defendants deny Plaintiff's characterization of this process, and deny the remaining allegations.

38. Defendants admit that Plaintiff submitted grievances through CCWF's administrative review process. Defendants deny Plaintiff's characterization of those grievances and the basis for them, and deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants admit that CDCR coordinated and provided Plaintiff's fourth revision surgery in accordance with Dr. Satterwhite's oversight and scheduling directives (*See, e.g.,* ECF 75 at ¶ 56) and deny the allegations of Paragraph 41.

42. Defendants admit that Plaintiff received her fourth revision surgery in accordance with Dr. Satterwhite's oversight and scheduling directives (*See, e.g.,* ECF 75 at ¶ 56) and deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants admit that CDCR coordinated and provided Plaintiff's fourth revision surgery in accordance with Dr. Satterwhite's oversight and scheduling directives (*See, e.g.,* ECF 75 at ¶ 56) and deny the allegations of Paragraph 45.

46. Defendants admit that CDCR coordinated and provided Plaintiff's fourth revision surgery in accordance with Dr. Satterwhite's oversight and scheduling directives (*See, e.g.,* ECF 75 at ¶ 56) and deny the allegations of Paragraph 46.

47. Defendants admit that she was interviewed as part of a CDCR 602 Appeal she submitted but deny the remaining allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants admit that the employees at CCWF tried to accommodate Plaintiff's demands as best they could given institutional needs, priorities, and resources but otherwise deny Plaintiff's characterization of their efforts and deny the allegations of Paragraph 49.

50. Defendants admit that the employees at CCWF tried to accommodate Plaintiff's demands as best they could given institutional needs, priorities, and resources but otherwise deny Plaintiff's characterization of their efforts and deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants admit that Plaintiff received her fourth revision surgery in accordance with Dr. Satterwhite's oversight and scheduling directives and deny the remaining allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny that Plaintiff was prevented from showering and deny the allegations of Paragraph 58.

59. Defendants deny Plaintiff lacked access to a sufficient amount of douches to enable her to comply with Dr. Satterwhite's medical recommendations and deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants admit they were able to house Plaintiff in a single cell when available in light of CDCR's responsibly to prioritize the safety and security of its institutions, its goals, and the resources available at CCWF.  Defendants deny the remaining allegations of Paragraph 61.

62. Defendants admit that Dr. Satterwhite noted that Plaintiff's vaginal depth was limited, but deny that this condition developed while Plaintiff was incarcerated at CCWF and deny the allegations of Paragraph 62.

63. Defendants scheduled Plaintiff's medical appointments as medically necessary and appropriate and deny the allegations of Paragraph 63.

64. Defendants provided Plaintiff medically appropriate and necessary care and appropriate conditions for recovery and deny the allegations of Paragraph 64.

65. Defendants admit that there is considerable disagreement and uncertainty among medical professionals regarding whether further surgery to deepen Plaintiff's vagina was medically appropriate or safe given the severe complications created by the five preceding

7

vaginal surgeries. Defendants deny Plaintiff's implications to the contrary and deny the allegations of Paragraph 65.

66. Defendants admit that CDCR's policies regarding gender-affirming surgery and the use and respective roles of the Statewide Medical Authorization Review Team (SMART) and the Gender Affirming Surgery Review Committee (GASRC) are set forth in CDCR's policies and regulations. Defendants also admit that SMART initially denied Plaintiff's request to allow more time for additional medical review of her request for a sixth surgery given the severe complications from the previous five surgeries, especially given the possible harm that could result to Plaintiff. Defendants deny the remaining allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants admit that Dr. Glass consulted with Plaintiff regarding the sixth gender-affirming surgery but deny Plaintiff's characterizations of that consultation and deny the allegations of Paragraph 66.

69. Defendants deny Plaintiff's characterization of communications her attorneys may have had with the California Attorney General's Office and deny that any such communications are appropriately part of this case. Defendants also agree that there is considerable disagreement and uncertainty among medical professionals regarding whether further surgery to deepen Plaintiff's vagina was medically appropriate or safe given the severe complications created by the five preceding vaginal surgeries. Defendants otherwise deny the remaining allegations of Paragraph 69.

70. Defendants agree that Dr. Bowers did not conduct an in-person medical examination of Plaintiff.

71. Defendants agree that Dr. Bowers appears to have altered her prior opinions after Plaintiff's attorneys spoke with her—without anyone else present—and agree that there is considerable disagreement among medical professionals regarding whether further surgery to deepen Plaintiff's vagina was medically appropriate or safe given the severe complications created by the five preceding vaginal surgeries. Defendants otherwise deny the allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants agree that CDCR arranged to have a medical specialist conduct a medical examination of Plaintiff in person to better assess whether a sixth surgery was safe and medically appropriate and that Plaintiff declined to attend the examination.  Defendants otherwise deny the allegations of Paragraph 73.

74. Defendants agree that Dr. Graves examined Plaintiff and confirmed that her vaginal depth had remained stable since her return to CDCR.  Defendants otherwise deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

**COUNT ONE**

77. Defendants incorporate by reference their responses to Paragraphs 1-76, inclusive.

78. Defendants admit that Plaintiff underwent gender-affirming surgery and that she suffered serious complications, which have required at least four additional revision surgeries.

79. Defendants admit Plaintiff has treated with CDCR medical providers and an outside medical provider, but deny the remaining allegations of Paragraph 75.  (*See, e.g.,* ECF 75 at ¶ 56.)

80. Defendants deny that Plaintiff was provided insufficient medications at CCWF to treat post-surgery pain and deny the allegations of Paragraph 80.

81. Defendants deny that Plaintiff was provided insufficient medications at CCWF to treat post-surgery pain and deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

**PRAYER FOR RELIEF**

The parties stipulated to dismiss Plaintiff's prayer for injunctive relief and Defendants thus deny the prayer for injunctive relief on that basis. Defendants deny that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

1. Defendants assert that because the Complaint is couched in conclusory terms, Defendants cannot anticipate fully all affirmative defenses that may be applicable to this matter. Accordingly, Defendants reserve the right to assert additional affirmative defenses if and to the extent they are or become applicable.

2. Defendants assert that at all relevant times, they acted within the scope of discretion, with due care and good faith in fulfillment of their responsibilities pursuant to all applicable statutes, rules, regulations, and practices; within the bounds of reason under all circumstances known, and with the good-faith belief that his actions comported with all applicable federal and state law. Defendants are therefore entitled to qualified immunity and assert immunity from liability.

3. Defendants assert that Plaintiff's Complaint and each alleged cause or action therein, fails to state facts sufficient to constitute a cause of action as to these Defendants.

4. Defendants assert that Plaintiff has not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

5. Defendants assert that they have performed all obligations to Plaintiff pursuant to any and all statutes or other law described in Plaintiff's Complaint, and any deficiencies in performance were caused by Plaintiff or other individuals or entities not named as defendants in Plaintiff's Complaint.

6. Defendants assert that Plaintiff has suffered no injury or harm.

7. Defendants allege that Plaintiff is estopped from claiming the damages requested.

8. Defendants allege that the claims made by Plaintiff are barred by the applicable statute of limitations.

9. Defendants are not vicariously liable for any act or omission of any other person, by way of respondent superior or otherwise.

10. Defendants assert that Plaintiff has failed to mitigate her damages, if there are any.

11. Defendants assert that the Eleventh Amendment bars suit for money damages against them in their official capacity.

12. Defendants assert that Plaintiff's claims and requests for relief are barred, limited, or controlled by the Prison Litigation Reform Act.

13. Defendants allege that Plaintiff has failed to exhaust available administrative remedies.

14. Defendants allege that, at all relevant times, their actions were reasonably related to achieving legitimate penological goals.

15. Defendants allege that they are not liable because their conduct was not a proximate cause of harm, if any, to Plaintiff.

16. Defendants assert that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

17. Defendants allege that Plaintiff has failed to comply with the requirements of the California Tort Claims Act and has failed to plead state-law based claims.

18. Defendants allege that Plaintiff's own conduct contributed to her own damages, or that Plaintiff is contributorily negligent.

19. Defendants assert that they did not act with malicious intent or with reckless disregard for Plaintiff's rights and therefore are not liable for punitive damages.

///
///
///
///

Defendants' Answer to Second Amended Complaint (1:20-cv-00813-JDP)

**DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF**

1. Defendants demand under Federal Rule of Civil Procedure Rule 38 that this matter be tried by and before a jury to the extent provided by law.

2. Defendants pray for judgment as follows:

   A. That judgment be rendered in favor of Defendants and against Plaintiff;

   B. That Plaintiff takes nothing by this action;

   C. That Defendants be awarded costs of suit and attorney's fees; and

   D. That Defendants be awarded such other relief as this Court deems proper.

Dated: August 22, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
PREETI K. BAJWA
Supervising Deputy Attorney General

*/s/ Alice M. Segal*

ALICE M. SEGAL
Deputy Attorney General
*Attorneys for Defendants*

SF2020101441/35180535

# CERTIFICATE OF SERVICE

Case Name: **M. Norsworthy v. Ralph Diaz, et al.**
USDC Case No. **1:20-cv-00813-DAD-HBK**

I hereby certify that on **August 22, 2023**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **August 22, 2023**, at San Diego, California.

| A. Dotson | _(signature)_ |
|---|---|
| Declarant | Signature |

SF2020101441
84109973.docx