UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE-LAEL B. NORSWORTHY<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, JANEL ESPINOZA, MICHAEL PALLARES, IKWINDER SINGH, ROBERT MITCHELL, ROSELLE BRANCH<br><br>Defendants. | Case No.  1:20-cv-00813-ADA-HBK (PC)<br><br>VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41 (a)(1)(A)(ii) AS TO DEFENDANT JEFF MACOMBER<br><br>ORDER GRANTING CONSTRUED MOTION TO AMEND SECOND AMENDED COMPLAINT<br><br>(Doc. No.  83) |

Pending before the Court is the Parties' joint stipulation for dismissal of request for injunctive relief and official capacity claim against Defendant Michael Pallares and stipulated dismissal of Defendant Jeff Macomber filed August 22, 2023.  (Doc. No. 83).

On April 27, 2023, Plaintiff filed a Second Amended Complaint (SAC) seeking, *inter alia*, a claim for injunctive relief "enjoining Defendants to provide Ms. Norsworthy with medically necessary surgery to try to restore her lost vaginal depth, adequate medical care, accommodations to dilate, accommodations to recover from surgery; and any other medical care, accommodations and/or medication which is, has been or will be prescribed by doctor or other healthcare professional."  (Doc. No. 75, ¶87).  The SAC named various Defendants, including Defendant Jeffrey Macomber in his official capacity only as Secretary of the California

1  Department of Corrections and Rehabilitation (CDCR) and Defendant Michael Pallares in his
2  official capacity as Warden of California Central Women's Facility, as well as in his individual
3  capacity.  (Doc. No. 75, ¶¶6, 8).   Because Plaintiff is no longer incarcerated, the Parties
4  acknowledge that Plaintiff's claims for injunctive relief are moot.  (Doc. No. 83).  Thus, the
5  Parties jointly stipulate to a dismissal with prejudice of the Plaintiff's prayer for injunctive relief
6  in her Second Amended Complaint, the dismissal with prejudice of Defendant Jeff Macomber
7  since he is named only in his official capacity, and the dismissal with prejudice of Plaintiff's
8  official capacity claim against Defendant Pallares.  (*Id*.).
9        The Court construes the Parties' stipulated motion to dismiss Plaintiff's claims for
10 injunctive relief and official capacity claims against Defendant Pallares as a motion to amend the
11 SAC under Federal Rule of Civil Procedure 15(a)(2).  *Hells Canyon Pres. Council v. U.S. Forest*
12 *Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is
13 eliminating an issue or one or more claims but not completely dismissing a defendant).  The
14 Court agrees that Plaintiff's release from prison moots her claims for injunctive relief.
15 "Prisoners who have been released from prison or transferred to a different prison may not sue for
16 injunctive relief because they no longer benefit from having the injunction issued."  *Rupe v. Cate*,
17 688 F.Supp. 2d 1035, 1043 (E.D. Cal. Feb. 1, 2010) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368
18 (9th Cir. 1995)) (other citations omitted).  A prisoner's claim for injunctive relief is moot if there
19 is no reasonable expectation the prisoner will be transferred back to the prison where the harm
20 occurred.  *Dilley*, 64 F.3d at 1369.  It is not a reasonable expectation that a released prisoner will
21 commit a criminal act and be re-incarcerated.  *Reimers v. Oregon*, 863 F.2d 630, 632 n. 4 (9th
22 Cir. 1988).
23       Concerning the Parties stipulated notice that they are dismissing this action *with prejudice*
24 as to Defendant Jeffrey Macomber, (Doc. No. 83 at 2, ¶2), this action is terminated by operation
25 of law as to Defendant Jeff Macomber without further order from the Court. Fed. R. Civ. P.
26 41(a)(1)(A)(ii).
27       Accordingly, it is **ORDERED**:
28       1.  Plaintiff's construed unopposed motion to amend the Second Amended Complaint

(Doc. No. 83) is GRANTED to the extent that:

    a. Plaintiff's prayer for injunctive relief in her Second Amended Complaint is dismissed with prejudice (Doc. No. 75, ¶87);

    b. Plaintiff's claims against Defendant Pallares in his official capacity are dismissed with prejudice. (Doc. No. 75 at p. 5, ¶8:18-21.)[1]

2. The Clerk of Court shall correct the docket to reflect the voluntary dismissal of Defendant Jeffrey Macomber from this action.

Dated:   September 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The page numbers cited herein are to the page numbers as reflected on the pleading on CMECF.