UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE-LAEL B. NORSWORTHY, | Case No. 1:20-CV-00813-KES-HBK (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| JANELLE ESPINOZA, *et al.*, | |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF DEFENDANTS AND CLOSE CASE |
| | Docs. 108, 110, 128 |

Michelle-Lael Norsworthy is a former state prisoner proceeding on her second amended complaint ("SAC") filed pursuant to 42 U.S.C. § 1983, asserting the defendants violated her rights under the Eighth Amendment through deliberate indifference to her serious medical needs. Doc. 75.

Defendants moved for summary judgment, asserting: "(1) Plaintiff cannot establish Defendants were deliberately indifferent to [her] serious medical needs in violation of the Eighth Amendment; and (2) Plaintiff cannot establish that Defendants violated any clearly established law, thus entitling them to qualified immunity." Doc. 108 at 1-2. Plaintiff filed a motion for partial summary judgment, requesting the Court find that "while in California Department of Corrections and Rehabilitation custody, [Plaintiff] had a serious medical need (a) to dilate

regularly and with privacy upon her re-entry into CDCR custody on March 25, 2019, and (b) to receive a vaginal deepening procedure." Doc. 110 at 2. The cross-motions were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 16, 2025, the magistrate judge issued findings and recommendations to deny Plaintiff's motion for partial summary judgment ("MPSJ") and to grant Defendants' motion for summary judgment ("MSJ"). Doc. 128. Plaintiff filed objections asserting that the magistrate judge erred on various grounds and improperly resolved disputes of material fact. Doc. 131. Defendants filed a response to the objections. Doc. 132.

Plaintiff objects on procedural grounds, arguing that the magistrate judge improperly granted summary judgment on grounds not raised by the parties without providing notice and reasonable opportunity to respond, violating Federal Rule of Civil Procedure 56(f). *See* Doc. 131 at 5. Plaintiff contends that: (1) the F&R conducted an impermissible individual defendant-by-defendant analysis when Defendants moved for summary judgment as a group; and (2) the F&R improperly sua sponte recommended summary judgment based on lack of causation, an issue not raised by Defendants. *See id.* at 11-12, 17-18.

But plaintiff's own motion placed causation as an issue before the Court. *See, e.g.,* Doc. 110-1 at 5 ("Norsworthy was not provided the appropriate opportunity to dilate. . . until more than three months after her incarceration [and], *as a result* … Norsworthy lost substantial depth in her vagina...") (emphasis added). Plaintiff asserts in the SAC that "Defendants further failed to provide a private space for Ms. Norsworthy to dilate properly pursuant to her doctors' orders*, causing* her pain, suffering, possibly irreversible damage to her body (including a dramatic loss of depth in her vagina)." Doc. 75 at 2 (emphasis added). Plaintiff's expert report also focused on vaginal canal depth prior to and during Plaintiff's incarceration. *See* Doc. 114-3 at 66-68. Opposing Plaintiff's MSJP, Defendants argued that "Norsworthy also presents incomplete evidence regarding her vaginal depth to establish the lack of privacy caused her injury claiming that she lost significant vaginal depth at CCWF." Doc. 113-1 at 8-9. Plaintiff had an additional opportunity to address causation in her reply brief. Plaintiff thus had a sufficient, full and fair

2

opportunity to litigate these issues as to each named defendant.[1]  The magistrate judge did not err in addressing causation.  *See Celotex Corp.*, 477 U.S. at 326; *Gospel Missions*, 328 F.3d at 553.

At the summary judgment stage, when a plaintiff seeks "to hold an individual defendant personally liable for damages, the causation inquiry between the deliberate indifference and the eighth amendment deprivation must be more refined." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  The courts "must focus on whether the individual defendant was in a position to take steps to avert [the complained of incident] but failed to do so intentionally or with deliberate indifference." *Id*.  A tailored causation inquiry is necessary, as the Ninth Circuit directed courts to "take a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Id*. at 633–34; *see also Thomas v. Kaur*, 808 F. App'x 547, 548 (9th Cir. 2020) ("The district court properly granted summary judgment because [Plaintiff] failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his suspected seizure disorder") (citations omitted).  The magistrate judge thus complied with governing legal standards by undertaking a defendant-by-defendant analysis.

The magistrate judge also recommended the Court deny Plaintiff's MPSJ based upon how Plaintiff framed the issues, observing: "Although Plaintiff frames her request as seeking a narrow determination, a judicial recognition of this type of post-operative care—without a fact-specific inquire into 'liability, causation, or damages'—raises significant concerns regarding judicial overreach and the scope of enforcement." Doc. 128 at 40; *see also id.* at 40-45.  The magistrate judge also "decline[d] to rule whether Plaintiff has a serious medical need under the Eighth Amendment because the undisputed facts demonstrate that none of the Defendants acted with deliberate indifference to any of Plaintiff's assumed serious medical needs." *Id.* at 44-45.

Plaintiff asserts that the magistrate judge improperly resolved genuine disputes of material

---

[1] And, where the parties have had a sufficient opportunity to address the issue, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte* …." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir.2003) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'") (quoting *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982)).

fact that should be decided by a jury.  For example, Plaintiff takes issue with the magistrate judge not identifying as an undisputed material fact Dr. Mitchell's responsibility to advise custody personnel at CCWF of each patient's medical needs.  Doc. 131 at 6 (Doc. 128 at 16:1-5, Doc. 114-1 at 13:9-12).  This argument is unavailing.  First, the cited record does not address the undisputed facts identified by the magistrate judge.  Second, Plaintiff previously argued that individuals other than Dr. Mitchell were responsible for delaying her surgery, but she now attempts to recast the allegation as one against Dr. Mitchell.  *Compare* Doc. 114 at 24 ("the facts show that Dr. Graves and Dr. Taylor . . . sought to delay Ms. Norsworthy's surgery") *with* Doc. 131 at 15 ("Dr. Taylor and Dr. Mitchell, intentionally delayed Plaintiff's care, preventing her from obtaining the deepening procedure to repair her vagina and treat her gender dysphoria").  Plaintiff cannot now reconstrue the allegations to defeat summary judgment.[2]

The findings and recommendations correctly determined that there was no material dispute of fact precluding summary judgment, and that Defendants established they are entitled to summary judgment as to whether they were deliberately indifferent to a serious medical need of Plaintiff.

Finally, Plaintiff's objections do not meaningfully address the finding that Defendants are entitled to qualified immunity as they did not violate clearly established law.  *See* Doc. 131 at 18–19.  Plaintiff's brief discussion of qualified immunity does not address, or even cite, any legal authority and does not address any of the cases discussed in the findings and recommendations.  *Id.*

Consistent with the provisions of 28 U.S.C. § 636(b)(1), the Court reviewed this matter de

---

[2] Additionally, courts have "no obligation to search the entire case file for evidence that establishes a genuine issue of fact when the nonmovant presents inadequate opposition to a motion for summary judgment." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136–37 (9th Cir. 2001); *see also Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment. If a party wishes the court to consider an affidavit for more than one issue, the party should bring that desire to the attention of the court."). "[T]he district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers." *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (emphasis added).

novo. Having carefully reviewed the entire matter—including the objections and response thereto—the Court concludes the findings and recommendations are supported by the record and by proper analysis.

The Court ORDERS:

1.     The findings and recommendations issued on June 16, 2025 (Doc. 128) are ADOPTED in full.

2.     Plaintiff's motion for partial summary judgment (Doc. 110) is DENIED.

3.     Defendants' motion for summary judgment (Doc. 108) is GRANTED.

4.     The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, terminate any pending matters, and close this case.

IT IS SO ORDERED.

Dated:    June 30, 2026

_____
UNITED STATES DISTRICT JUDGE

5